IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES ELIZABETH MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-cv-643-ECM-JTA |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION | ) | (WO) |
| and ALABAMA COMMISSION ON | ) | |
| HIGHER EDUCATION FEDERAL | ) | |
| STUDENT AID CUSTOMER SERVICE | ) | |
| DIVISION OMBUDSMAN DEPT, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This action has been referred to the undersigned pursuant to 28 U.S.C. § 636 "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. No. 6.) Before the court is the Amended Complaint (Doc. No. 12) filed by *pro se* Plaintiff Frances Elizabeth Maddox, who is proceeding *in forma pauperis* (Doc. No. 7). The court is obligated to review the complaint pursuant to 28 U.S.C. § 1915(e).

For the reasons stated below, the undersigned recommends Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### I.    JURISDICTION

Pursuant to 28 U.S.C. § 1331, this court has subject matter jurisdiction over this action based on federal question jurisdiction. Plaintiff appears to bring claims pursuant to 28 U.S.C. § 1983, the Administrative Procedures Act ("APA"), 5 U.S.C. § 701–06, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401–2416, 1346.

## II.    STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1915(e)(2)(B)(i) requires dismissal of a "frivolous claim," *i.e.*, a claim that "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks a basis in law, for example, where the plaintiff "'seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity.'" *Henderson v. Montgomery Cnty. Det. Facility*, No. 2:24-cv-145-MHT-JTA, 2024 WL 3370820, at *1 (M.D. Ala. Apr. 12, 2024) (quoting *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17-cv-291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018)), *report and recommendation adopted*, No. 2:24-cv-145-MHT, 2024 WL 3361625 (M.D. Ala. July 10, 2024); *see also Neitzke*, 490 U.S. at 327; *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).

The standard for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262,

3

1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10-cv-826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10-cv-826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## III.    DISCUSSION

A.    Plaintiff's Claims

Plaintiff alleges that, from 2008 through 2011, she was overcharged for two student loans, which have since been paid in full. (Docs. No. 12 at 1, 12-1.) During that time, she sought assistance from Defendants United States Department of Education and the Alabama Commission on Higher Education Federal Student Aid Customer Service Division Ombudsman Department ("Alabama Commission on Higher Education"). (Doc. No. 12 at 1.) Neither Defendant adequately investigated her claims, leaving her open to harassment from the student loan servicer and resultant stress and emotional anguish. (*Id.*) She seeks $75,000.00 in damages, compensation for stress, emotional anguish, and

financial hardship, and an apology. (*Id*. at 2.) Liberally construing the complaint, the undersigned concludes Plaintiff is asserting a claims under the APA and a § 1983 claims for deprivation of due process.

B.    Section 1983 Claims

The statute of limitations on a § 1983 action is "two years from the date the cause of action accrues." *Henderson*, 2024 WL 3370820, at *2 (citation omitted), *report and recommendation adopted*, No. 2:24-cv-145-MHT, 2024 WL 3361625 (M.D. Ala. July 10, 2024). A cause of action accrues when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonable prudent regard for his rights.'" *Id*. (quoting *Mitchell v. DHR*, No. 22-10390, 2023 WL 3302872, at *2 (11th Cir. May 8, 2023)).

The statute of limitations has run on Plaintiff's § 1983 claims. According to the amended complaint, the facts supporting Plaintiff's claim arose and were known by her not later than sometime in 2011, well over two years before she filed this action.[1] (Doc. No. 12 at 1.) *Cf. Topping v. U.S. Dep't of Educ.*, No. 2:09-cv-396-FTM-29, 2012 WL 397809, at ** 6-7 (M.D. Fla. Feb. 8, 2012) (holding the statute of limitations had expired several years before the plaintiff filed claims against individual federal Department of Education

---

[1] This action was filed November 2, 2023. A status conference was held, and Plaintiff was ordered to amend her complaint. After the filing of the amended complaint, the undersigned became entangled in attempting to assist the Clerk's Office in directing Plaintiff to provide the correct service materials. The Clerk's staff had sent multiple notices of deficiency without success, Plaintiff was in noncompliance with the Clerk's directives, and the Clerk's office had exhausted its avenues for ensuring that Plaintiff understood the instructions for providing the service materials the Clerk had directed her to submit.

and state Higer Education Assistance Authority defendants for failing to properly process and investigate allegations of a mishandled student loan; the court determined the limitations period ran from the date of the alleged misconduct, since the plaintiff had been aware of the misconduct at the time it occurred), *aff'd*, 510 F. App'x 816 (11th Cir. 2013).

Further, neither Defendant is subject to suit under § 1983. *Topping v. U.S. Dep't of Educ.*, 510 F. App'x 816 (11th Cir. 2013) (holding that, "because the U.S. Department of Education is a federal agency and the Michigan Higher Education Assistance Authority is a state agency, they cannot be sued under . . . § 1983"). A claim for deprivation of due process under 42 U.S.C. § 1983 requires Plaintiff to establish Defendants are "persons" who acted "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. As a federal agency, the United States Department of Education does not act pursuant to state law. Therefore, it cannot be liable under § 1983. *Id.*, 2012 WL 397809, at \*4 Moreover, the Alabama Commission on Higher Education is not a "person" subject to liability for monetary damages under § 1983. *Cf. Id.* at \* 8 (holding that, as an agency within the Michigan Department of Education, the Michigan Higher Education Authority was not a "person" subject to liability on § 1983 claims involving plaintiff's allegations of being overcharged for student loans).

C.    APA Claims

Liberally construed, Plaintiff's amended complaint could be challenging the Department of Education's[2] actions pursuant to the Higher Education Act ("HEA"), 20

---

[2] The APA provides for review of final federal agency decisions. 5 U.S.C. § 701(b)(1) (defining "agency" as certain authorities of the "Government of the United States"); *see also* 5 U.S.C. §§

U.S.C. § 1070–1299(d). "It is well-settled that the HEA does not expressly provide debtors with a private right of action." *Cliff v. Payco Gen. Am. Credits, Inc*., 363 F.3d 1113, 1123 (11th Cir. 2004). However, at least some types of HEA-related claims for judicial review by student debtors against the Department of Education have been found to arise under the APA. *Brooks v. U.S. Dep't of Educ. Fed. Offset Unit*, No. 3:19-cv-50-J-39JRK, 2020 WL 7401589, at *5 (M.D. Fla. Feb. 26, 2020), *report and recommendation adopted*, No. 3:19-cv-50-J-39JRK, 2020 WL 7401435 (M.D. Fla. Mar. 30, 2020).

Any potential APA claim in this case is time-barred. For Plaintiff to challenge a Department of Education action under the APA, that action must be a "final agency action." 5 U.S.C. § 704. The statute of limitations is 6 years, running from the date of Plaintiff's injury from the final agency action. *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys*., 603 U.S. 799, 825 (2024). Although Plaintiff does not specifically identify a final agency action, the Department of Education allegedly last engaged in mishandling her complaint in 2011. Nothing in Plaintiff's complaint indicates her injury from the Department of Education's actions (final or otherwise) first occurred after 2011. Plaintiff filed this action more than 6 years after 2011. Therefore, assuming Plaintiff is challenging a final agency action, any APA claim is time-barred.

Further, the APA does not waive sovereign immunity for suits for money damages. 5 U.S.C. § 702; *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025). Aside from money

---

702, 704. Therefore, the amended complaint is not construed as asserting an APA claim against the Alabama Commission on Higher Education. *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1055 (11th Cir. 2001) ("[T]he federal APA clearly does not apply to state agencies.").

damages, Plaintiff seeks an apology. Regardless of whether she is due one, the court cannot compel the Department of Education to provide it. *See Kennedy v. Dep't of Transportation*, No. 3:22-v-645-RAH-JTA, 2024 WL 1602846, at *11 n.13 (M.D. Ala. Feb. 8, 2024) (explaining a court-ordered apology is not a cognizable form of equitable relief), *report and recommendation adopted*, No. 3:22-cv-645-RAH, 2024 WL 965612 (M.D. Ala. Mar. 6, 2024).

D.    FTCA Claims

The FTCA provides "a limited congressional waiver of sovereign immunity for injury or loss caused by the 'negligent or wrongful act or omission' of a government employee 'acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021) (quoting 28 U.S.C. § 1346(b)(1)). However, the FTCA does not create a cause of action for constitutional torts. *Id*.; *Bloodworth v. United States*, 623 F. App'x 976, 980 (11th Cir. 2015) ("Constitutional tort claims are not cognizable under the FTCA because a private person would not be liable for such conduct under state law, and thus, the United States has not waived its sovereign immunity for such claims through the FTCA.").

Further, the FTCA specifically exempts from the waiver of sovereign immunity

[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function

or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The determination of how extensively to investigate a claim is inherently a discretionary function. *Illinois Metro. Inv. Fund v. United States*, 773 F. App'x 540, 542 (11th Cir. 2019) (noting the United States Department of Agriculture's "decision of how much investigation to conduct is precisely the type of governmental decision that the discretionary function exception was designed to protect" (internal quotation marks omitted)); *Fed. Trade Comm'n v. First Universal Lending, LLC*, No. 09-82322-CIV, 2011 WL 13172539, at *9 (S.D. Fla. Jan. 23, 2011), *report and recommendation adopted*, No. 09-82322-CIV, 2011 WL 13172506 (S.D. Fla. Feb. 22, 2011) ("Courts have repeatedly held that the conduct of regulatory investigations is immune from FTCA liability unless mandatory directives exist that limit the investigators' discretion to determine both the scope and the manner of the investigation." (collecting cases)).

Accordingly, Plaintiff's FTCA claim is due to be dismissed for failure to state a claim upon which relief can be granted.

E.    Opportunity to Amend

An opportunity to amend is not required if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal. *Henderson* 2024 WL 3370820, at *2 (citations omitted). Plaintiff has already been afforded one opportunity to amend. (Doc.

No. 10.) Further, because amendment cannot remedy the deficiencies in Plaintiff's claims,[3] the complaint as amended would be subject to dismissal. Therefore, Plaintiff is not entitled to another opportunity to amend. *Id*. at 3.

## IV.    CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **May 14, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning*

---

[3] The recommendation of dismissal is not based on deficiencies in Plaintiff's claims that could potentially be remedied by amendment, such as failure to allege the exhaustion of administrative remedies.

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981).

    DONE this 29th day of April, 2025.

_____

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE