IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRANCES ELIZABETH MADDOX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:23-cv-643-ECM ) |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On April 30, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). (Doc. 24). The Plaintiff filed timely objections (doc. 25) and supplemental objections (doc. 26)[1] to the Recommendation, which the Court hereafter refers to collectively as "objections." After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

---

[1] Pursuant to the Court's June 6, 2025 Order, the Plaintiff's supplemental objections were deemed timely filed. (Doc. 27).

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Plaintiff first objects to the Recommendation on the grounds that the Recommendation does not include Diane Zutier as a Defendant, whom the Plaintiff claims to have also sued. (*See* doc. 25). The Court has carefully reviewed the Plaintiff's amended complaint (the operative complaint), and the amended complaint does not mention Diane Zutier. Moreover, even if Diane Zutier were named as a Defendant, the Plaintiff fails to show that it would alter the Recommendation's conclusions. Specifically, for the reasons explained in the Recommendation with respect to the named Defendants, it appears that the Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the Administrative Procedures Act against Diane Zutier would be time-barred, and the claim pursuant to the Federal Tort Claims Act against Diane Zutier would be barred by sovereign immunity. For these independent reasons, this objection is due to be overruled.

The Plaintiff's remaining objections amount to little more than restatements of the allegations in the amended complaint. (*See* doc. 26). These objections are reviewed for clear error and are due to be overruled. Moreover, the documents attached to these objections (*see* doc. 26-1) do not establish that the Magistrate Judge committed any error. The Court agrees with the Magistrate Judge that the Plaintiff's case is due to be dismissed with prejudice for the reasons stated in the Recommendation.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (docs. 25, 26) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 24) is ADOPTED;

3. This case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii);

4. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 26th day of June, 2025.

                              /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE